IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Joseph Cilione, et al.** | * | |
| **Plaintiffs** | * | |
| v. | * | **Case No. RDB 19-cv-00627** |
| **Victoria's Crab House, Inc., et al.** | * | |
| **Defendants** | * | |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND CONSENT TO SUPPLEMENTAL JUDGMENT

Plaintiff, Joseph Cilione and James Cilione (collectively, the "Plaintiffs"), together with Defendants Victoria's Crab House, Inc., Victoria Emerson, and Ernest Emerson (collectively, the "Defendants"), jointly move this Court for an Order approving a Settlement Agreement on attorneys' fees and costs reached in this Fair Labor Standards Act ("FLSA") action, and state as follows:[1]

1. Defendants, disputing liability in this matter, agreed to consent to judgment for the sum total of $23,224.72 to avoid the cost and uncertainty of litigation (the "Judgment"). (ECF Doc. 28).

2. Pursuant to the Court's October 1, 2019 Order, the Court provided Plaintiffs a deadline of October 16, 2019 to file any Motion for Attorneys' Fees and Costs.

3. However, the parties, wishing to avoid the cost and time of litigating attorneys' fees and costs, have agreed to settle attorneys' fees and costs, have agreed to a compromised settlement of fees and costs in total amount $21,500.00.

---

[1] Plaintiffs also brought supplemental claims under the Maryland Wage/Hour Law, Md. Ann. Code § 3-401 et seq. ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Ann. Code § 3-501 et seq. ("MWPCL").

4. "[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman v. LBDP, Inc.*, No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (quoting *Lane v. Ko–Me, LLC*, No. DKC–10–2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)); *see also Kianpour v. Restaurant Zone, Inc., et al.*, DKC 11-0802, 2011 WL 5375082, *3 (D. Md. Nov. 4, 2011). "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is "defined as a reasonable hourly rate multiplied by hours reasonably expended." *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation omitted).

5. Under the Settlement Agreement, Plaintiff's counsel would receive $21,500.00 for attorneys' fees and costs incurred. *See* Exh. 1. Both parties submit that attorneys' fees and costs were negotiated separately and only after a judgment was entered in this case. Given the full and uncompromised relief to the Plaintiffs as to their minimum wage and overtime claims, and the fact that fees and costs were negotiated separately and secondarily to the Plaintiff's personal outcome, judicial scrutiny of the amount of fees and costs to be paid is likewise not necessary.[2]

---

[2] If a motion demonstrates that a proposed fee award was agreed upon separately and without regard to the amount paid to the Plaintiff, then unless there is reason to believe that the Plaintiff's recovery was somehow adversely affected by the amount of fees to be paid to the attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiff's counsel. See *Phelps v. Detail USA, Inc.*, 2012 WL 254113, at *2 (M.D. Fla. Jan. 19, 2012) ("[W]hen attorney's fees are negotiated separately from payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents.'") (citation omitted).

6.      Nevertheless, to the extent that the Court desires to carefully review the proposed fee and cost award for reasonableness, Plaintiff's counsel submits a Declaration together with a detailed billing statement. Exh. 2, Exh. 2-A. As detailed in this billing statement, and after the exercise of billing discretion, Howard B. Hoffman has worked on Plaintiffs' claims at the hourly rate of $400.00,[3] and has worked 39.3 hours. *See id.* ¶ 4. Scott E. Kraff, an associate attorney employed by Hoffman Employment Law, LLC, who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiffs' claims at the hourly rate of $205.00, and has worked 23.2 hours. *See* Exh. 3. Gregory B. Herbers, an associate attorney formerly employed by Hoffman Employment Law, LLC, worked on Plaintiffs' claims at the hourly rate of $205.00, and has worked 19.1 hours. *See* Exh. 2. Jordan S. Liew, another associate attorney employed by Hoffman Employment Law, LLC, worked on Plaintiffs' claims at the hourly rate of $215.00, and has worked 12.9 hours. *See* Exh. 4.

In addition to the above, costs in this case amount to a total of $1,189.02. *See* Exh. 2 ¶ 6. As such, the total amount of attorneys' fees and expenses incurred by Plaintiffs' counsel in this litigation as of October 21, 2019 is approximately $27,154.00 in fees and $1,189.02 in expenses. In light of these figures, the amount of attorneys' fees and costs that Plaintiff's counsel would receive under the Agreement is reasonable under the lodestar

---

[3]      Mr. Hoffman has nineteen years of relevant legal experience. *See* Exh. 2, ¶ 9. The requested hourly rate – $400 an hour – falls within the range specified by Appendix B of the Local Rules for the United States District Court for the District of Maryland and was recently awarded to Hoffman in *Jackson et al. v. Egira, LLC, et al.*, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016), where the Court overruled objections to the claimed hourly rate of $400. Specifically, L.R. Appendix B provides that an attorney who has been admitted to the bar between fifteen and nineteen years may reasonably charge an hourly rate between $275 and $425 while an attorney who has been admitted to the bar for twenty years or more may reasonably charge an hourly rate between $300 and $475.

3

evaluation, and in fact represents a reduction and compromise in the amount of attorneys' fees and costs claimed by counsel.

7. Finally, the parties have agreed upon the payment of attorneys' fees and costs will be made within ten (10) days of approval of this Joint Motion and the Settlement Agreement, or October 30, 2019, whichever date occurs later, and Defendants have agreed to pay the Judgment to Plaintiffs on October 30, 2019 and withhold and remit payroll withholdings.

**WHEREFORE**, the Parties request that this Court approve the proposed Settlement Agreement and enter a Supplemental Judgment in the amount of $21,500.00 .

Respectfully submitted,

/s/ *Howard B. Hoffman*
Howard B. Hoffman, Esq. (Bar No. 25965)
Scott E. Kraff, Esq. (Bar No.
Jordan S. Liew, Esq. (Bar No. 20509
Hoffman Employment Law, LLC
600 Jefferson Plaza, Ste. 204
Rockville, Maryland 20852
301-251-3752
hhoffman@hoholaw.com

*Attorneys for Plaintiffs*

/s/ *(with permission)*
Aaron J. Turner (Bar No. 29822)
Levin & Gann, P.A.
502 Washington Ave., 8th Floor
Towson, Maryland 21204
410-321-0600
aturner@levingann.com

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of October, 2019, a copy of the foregoing Joint Motion to Approve Settlement Agreement, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

/s/
Jordan S. Liew