PLAINTIFF'S
EXHIBIT
1

## SETTLEMENT AGREEMENT AND
## RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made and entered into this 23 day of October, 2019, by and between Joseph Cilione and James Cilione (collectively, the "Plaintiffs") on the one side, and Victoria's Crab House, Inc., Victoria Emerson, and Ernest Emerson (collectively, the "Defendants"), on the other side. Plaintiffs and Defendants are collectively referred to as the "Parties."

**WHEREAS,** Plaintiffs had brought against Defendants an action in the United States District Court for the District of Maryland, styled *Joseph Cilione, et al. v. Victoria's Crab House, Inc., et al.*, Case No. RDB 19-cv-00627 (the "Lawsuit"), alleging unpaid minimum and overtime wages under the Fair Labor Standards Act (FLSA), along with state supplemental claims;

**WHEREAS,** Defendants, disputing liability in this matter, agreed to consent to judgment for the total sum of $23,224.72, plus attorneys' fees and costs to be determined by the Court, to avoid the cost and uncertainty of litigation;

**WHEREAS,** on October 4, 2019, the Court entered a Consent Judgment against Defendants and in favor of Joseph Cilione in the amount of $20,319.01 and in favor of James Cilione in the amount of $2,905.71 (the "Judgment");

**WHEREAS,** the issue of Plaintiffs' attorneys' fees and costs remained outstanding, with a deadline to file Plaintiffs' Petition for Attorneys' Fee by October 16, 2019;

**WHEREAS,** the parties have agreed to settle the disputed amount of fees and costs, and have otherwise agreed to resolve the date of payment to the Plaintiffs and for attorneys' fees and costs;

**NOW, THEREFORE,** in consideration of the mutual covenants and promises contained in this Agreement and other good and valuable consideration, and to avoid the uncertain and/or expensive litigation on attorneys' fees and costs, it is hereby agreed by and between the Parties as follows:

1. **CONSIDERATION.** In consideration of Plaintiffs' decision to forego litigation of attorneys' fees and costs in excess of twenty-five thousand U.S. Dollars ($25,000.00), to forebear on Plaintiffs' right to execute on the judgment beginning October 18, 2019, any and all accrued post-judgment interest, and to otherwise enter into and execute this Agreement, Defendants shall agree to pay Plaintiffs' attorneys' fees and costs in the total sum of Twenty-One Thousand Five Hundred U.S. Dollars and 00/100 Cents ($21,500.00), to settle all claims for attorneys' fees and costs.

2. **PAYMENTS.** Defendants agree to pay the above settlement amount ($21,500.00) and total gross sum awarded to Plaintiffs in the Judgment subject to the following terms:

   a.   No later than October 30, 2019, Defendants shall pay the total gross sum of Twenty Thousand Three Hundred Nineteen U.S. Dollars and 01/100 Cents ($20,319.01) to Plaintiff Joseph Cilione, and Defendants shall pay the total gross sum of Two Thousand Nine Hundred Five U.S. Dollars and 71/100 Cents ($2,905.71) to Plaintiff James Cilione (collectively, the "Judgment Payments")

1

b.  Within ten (10) days of approval of this Agreement by the U.S. District Court, or October 30, 2019, whichever date occurs later, Defendants shall pay the total gross sum of Twenty-One Thousand Five Hundred U.S. Dollars and 00/100 Cents ($21,500.00) to Hoffman Employment Law, LLC, in full settlement of all attorneys' fees, costs, and expenses arising out of this Lawsuit (to include all those fees and costs and expenses incurred by counsel) (the "Fees and Costs Payment"). These payments of attorneys' fees shall be made payable to Plaintiffs' counsel, "Hoffman Employment Law, LLC" and delivered via reliable courier to Hoffman Employment Law, LLC at 600 Jefferson Plaza, Ste. 204, Rockville, Maryland 20852.

c.  The Judgment Payments shall include two separate checks for the payments to Plaintiffs set forth in Section 2(a). One check shall represent wages and shall be one-third (33.33%) of the payment to each Plaintiff pursuant to paragraph 2(a). The second check shall represent liquidated/statutory damages and shall include the remaining monies owed to each Plaintiff pursuant to paragraph 2(a). The wage check shall be paid subject to and reduced by all applicable employment taxes, including Federal, state and local income tax withholdings and employee shares of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2. The portion treated as liquidated damages and interest shall be paid without any withholding and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099, box 3.

d.  So that the Defendants may issue IRS Forms W-2 and 1099 for 2019 reflecting all payments made under this Settlement Agreement, at the time that Plaintiffs execute this Settlement Agreement, Plaintiffs shall provide Defendants' counsel, Aaron J. Turner, Esq., an executed IRS Form W-4 and IRS Form W-9 which shall accurately provide their taxpayer identification numbers. Hoffman Employment Law, LLC shall provide Defendants' counsel, Aaron J. Turner, Esq., an executed IRS Form W-9.

e.  Attorneys' fees and costs paid pursuant to this Settlement Agreement shall be paid without withholding and shall only be reported to the IRS under Hoffman Employment Law, LLC's Federal Employer Identification Number, on IRS Form 1099, box 14, for the year in which it was paid.

3. **TAX RESPONSIBILITY.** Plaintiffs agree that they shall be solely and entirely responsible for the payment and discharge of all federal, state and local income taxes, if any, which may at any time be found to be due upon or as a result of the payments described herein (though Defendants shall withhold and are obligated to remit all payroll deductions for Federal and state income taxes, FICA, Medicare, FUTA, SUTA or similar obligations as an employer for the wage payments as described in Paragraph 2). So long as Defendants have remitted all payroll deductions, Plaintiffs agree to indemnify, secure, and hold Defendants harmless against any claim or liability for any non-employer tax obligations and any related penalties, fees, and/or interest, in the event any such taxes, penalties and/or interest be assessed by the IRS and/or any other state or local taxing authority. Included among Plaintiffs'

indemnification obligations is any challenge or adverse ruling respecting the settlement payment under this Agreement as being allocated exclusively to alleged sexual harassment or abuse pursuant to Section 13307 of the Tax Cuts and Jobs Act of 2017. Plaintiffs also agree to cooperate with Defendants in the event of a tax audit involving the payments under this Agreement. If any governmental or taxing authority disagrees with how the payment is allocated, said allocation shall not void any other provision of this Agreement or the general release of claims. Defendants shall timely provide Plaintiffs an IRS Form W-2 and IRS Form 1099 representing payments made to each Plaintiff and proof of same shall be provided to Plaintiffs' counsel upon reasonable notice.

4. **NOTICE OF SATISFACTION OF JUDGMENT.** Within three (3) days of receipt of the Judgment Payments, Plaintiffs shall file a Notice of Satisfaction of Judgment, providing that the Judgment has been satisfied in full.

5. **APPROVAL BY COURT.** Upon full execution of this Agreement, Plaintiffs' counsel shall file with the Court a Joint Motion to Approve the Settlement Agreement (the "Motion"). The Motion shall attach a copy of this Agreement and shall request that the Court approve this Agreement. The Parties agree that this Agreement is contingent upon the U.S. District Court for the District of Maryland's approval of all the material terms of the Agreement and the granting of the Motion, and should the U.S. District Court for the District of Maryland not approve all the material terms of this Agreement, the Agreement will be null and void and no legal effect. The parties agree that they will cooperate fully and take any steps necessary in seeking the necessary Court's approval of this Agreement. In the event that the Court does not approve this Agreement or approves it subject to conditions or modifications which are not acceptable to both parties, the Parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both the parties and the Court.

6. **RELEASE.** Except for Defendants' obligations under this Agreement, in consideration for the payments being provided to Plaintiffs and Plaintiffs' counsel by Defendants, Plaintiffs, for themselves, and for their respective attorneys, heirs, executors, administrators, successors and assigns, fully, finally and forever waive, release and discharge the Defendants, including, as applicable, all Defendants' heirs, executors, administrators, parent, subsidiary and/or any alleged affiliated companies or companies alleged to form a single enterprise or joint employer, as well as their successors, assigns, officers, owners, directors, supervisors, members (including but not limited to Victoria and Ernest Emerson), agents, representatives, attorneys, insurers, and employees (all of whom are referred to throughout this Agreement as "the Releasees"), of and from all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, known or unknown, as a result of actions or omissions occurring from the beginning of time through the effective date of this Agreement relating to attorneys' fees or costs relating to or in any way connected with the matters referred to in this Lawsuit.

   a. Plaintiffs represent that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim for attorneys' fees and costs related to this Lawsuit, whether known or unknown, or any portion thereof or interest therein, which they had, has or may have against Releasees.

7. **RIGHT TO FILE A CHARGE/COMPLAINT OR PARTICIPATE IN GOVERNMENT INVESTIGATION**: Nothing contained anywhere in this Agreement, and no obligation set forth anywhere in this Agreement, including, but not limited to, the Release obligation (¶ 5), is intended to, or will, preclude Plaintiffs from filing any charge or complaint with any government

3

agency, including the Equal Employment Opportunity Commission or National Labor Relations Board, or participating in, or cooperating with, any lawful government investigation, or Defendants from defending against same. The initiation of a charge or complaint with a government agency, and/or the participation in, or cooperation with, or defense of, a government investigation shall not be considered a breach of any obligation otherwise set forth in this Agreement. However, by signing this agreement, Plaintiffs agree and acknowledge that they are waiving and releasing any right to receive further or additional monetary relief or individualized equitable relief as to any claims for attorneys' fees or costs related to this Lawsuit. The consideration provided in this Agreement, as set forth above, shall constitute the full extent of any individual relief to which Plaintiffs are entitled regarding anything occurring on or before the date on which they sign this Agreement in regards to attorneys' fees and costs.

8. **NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT.** This Agreement shall not be construed as an admission by either party of any fact, allegation or claim of wrongdoing, nor shall it be considered to be evidence of liability in any specific amount for attorneys' fees and costs arising from the Lawsuit. Defendants do not admit, and specifically deny, any liability to Plaintiffs and any wrongdoing or violation of any law, statute, regulation, agreement or policy, and Defendants are entering into this Agreement and providing the payments and benefits set forth herein solely for the purpose of avoiding the burdens and expenses of further litigation on attorneys' fees and costs.

9. **SOLE AND ENTIRE AGREEMENT.** This Agreement sets forth the entire Agreement between the Parties pertaining to the subject matter hereof. Any prior Agreements between or directly involving the Parties to the Agreement are superseded by the terms of this Agreement and thus are rendered null and void.

10. **NO OTHER PROMISES.** Plaintiffs affirm that the only consideration for Plaintiffs signing this Agreement is that set forth in Paragraphs 1 and 2 and that no other promise or agreement of any kind has been made to or with Plaintiffs by any person or entity to persuade or cause Plaintiffs to execute this document, and that Plaintiffs fully understand the meaning and intent of this Agreement, including but not limited to, its final and binding effect.

11. **RIGHT TO REPRESENTATION.** Plaintiffs, in receiving a copy of this Agreement, acknowledge that they have been advised in writing to seek the advice of their attorney before signing this Agreement, they have had adequate opportunity to so consult and have so consulted with Hoffman Employment Law, LLC.

12. **LEGALLY BINDING AGREEMENT.** Plaintiffs understand and acknowledge that upon Court approval of this Agreement (a) that this is a legally binding release contingent upon Court approval of this Agreement; (b) that by signing this Agreement, Plaintiffs are hereafter barred from instituting claims for attorneys' fees and costs related to this Lawsuit against any of the Releasees in the manner and to the extent set forth in Paragraph 4 and Paragraph 5 above; and (c) that this Agreement is final and binding. This Agreement shall be binding upon and inure to the benefit of Defendants, Releasees, and Plaintiffs, and their respective heirs, attorneys, administrators, representatives, executors, successors and assigns.

13. **CONSTRUCTION.** This Agreement shall not be construed against the party preparing it but shall be construed as if all Parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party.

14. **HEADINGS.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

15. **AGREEMENT IS KNOWING AND VOLUNTARY.** Plaintiffs further represent and acknowledge that none of the Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence them to sign this Agreement, except those promises and other statements which are expressly set forth herein. This Agreement has been prepared in English and its English interpretation shall only apply to the Agreement and shall be binding upon the parties. Plaintiffs represent and warrant that they have fully discussed this Agreement with their attorneys, have consulted with a translator of their choosing, if a Plaintiff deems translation to be necessary and/or desirable, and that all terms are understood and that the execution of this Agreement is completely voluntary.

16. **ELECTRONIC SIGNATURES/COUNTER-PARTS.** Defendants and Plaintiffs agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission (including such electronic signing software such as "Docusign" ®") and such signature and execution shall be deemed to constitute the original signature of the party. Signatures may be made and delivered electronically to the fullest extent permitted under the Maryland Uniform Electronic Transactions Act, Md. Ann. Commercial Law § 21-101, et seq.

*PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*

| Date: | |
|---|---|
| | Joseph Cilione |
| Date: 10/21/2019 | *[signature]* <br> James Cilione |
| Date: | For: Victoria's Crab House, Inc., and o/b/o herself, individually <br> By: *[signature]* <br> Name: Victoria Emerson |
| Date: | By: *[signature]* <br> Name: Ernest Emerson |

5

14. **HEADINGS**. The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

15. **AGREEMENT IS KNOWING AND VOLUNTARY**. Plaintiffs further represent and acknowledge that none of the Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence them to sign this Agreement, except those promises and other statements which are expressly set forth herein. This Agreement has been prepared in English and its English interpretation shall only apply to the Agreement and shall be binding upon the parties. Plaintiffs represent and warrant that they have fully discussed this Agreement with their attorneys, have consulted with a translator of their choosing, if a Plaintiff deems translation to be necessary and/or desirable, and that all terms are understood and that the execution of this Agreement is completely voluntary.

16. **ELECTRONIC SIGNATURES/COUNTER-PARTS**. Defendants and Plaintiffs agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission (including such electronic signing software such as "Docusign" ®") and such signature and execution shall be deemed to constitute the original signature of the party. Signatures may be made and delivered electronically to the fullest extent permitted under the Maryland Uniform Electronic Transactions Act, Md. Ann. Commercial Law § 21-101, et seq.

*PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*

| Date:       10/21/2019 | *DocuSigned by:* [signature]  Joseph Cilione |
|---|---|
| Date: |   James Cilione |
| Date: | For:   Victoria's Crab House, Inc., and o/b/o herself, individually  By: [signature] Victoria Emerson  Name: Victoria Emerson |
| Date: | By: [signature] Ernest Emerson  Name: Ernest Emerson |

5